# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4798 | **DATE** | 8/27/2001 |
| **CASE TITLE** | JOSE LUIS R., ET AL. vs. JOLIET TOWNSHIP H.S. DISTRICT 204 | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant Joliet Township H.S. District 204's motion for judgment on the pleadings [5-1] is denied. The parties shall comply with FRCP 26(a)(1) by September 7, 2001. All discovery shall be completed and any dispositive motions shall be filed with supporting memoranda by November 16, 2001. The parties shall present their joint modified pretrial order on November 29, 2001 at 9:00 am; plaintiffs' draft pretrial order shall be submitted to defendant by November 20, 2001. Case is set for bench trial on December 13, 2001 at 9:00 am. ENTER MEMORANDUM OPINION AND ORDER.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 29 2001 | 12 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 AUG 28 PM 4: 37 | 8/27/2001 date mailed notice | |
| SB | courtroom deputy's initials | Date/time received in central Clerk's Office | CB mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE LUIS R., ET AL. ) | |
| ) | |
| Plaintiff, ) | No. 01 C 4798 |
| ) | |
| v. ) | Suzanne B. Conlon, Judge |
| ) | |
| JOLIET TOWNSHIP H.S. DISTRICT 204 ) | |
| ) | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

**DOCKETED**
**AUG 2 9 2001**

Jose Luis R. ("Jose") and his mother Janette H. (collectively "plaintiffs") sue Joliet Township H.S. District 204 ("Joliet Township") for attorney's fees and costs from a mediation process, pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* Joliet Township moves for judgment on the pleadings, pursuant to Fed.R.Civ.P. 12(c).

**BACKGROUND**

Jose suffers from learning disabilities and emotional disturbances. He is seventeen years old. Joliet Township is the public school responsible for providing educational services to Jose.

On November 1, 2000, plaintiffs requested a due process hearing seeking to have Joliet Township provide Jose with specialized instruction. The parties engaged in mediation. On February 5, 2001, a mediation agreement was reached. One week later, the agreement was read into the record before a hearing officer. As a result of the agreement, Jose receives educational services that he was previously denied. Plaintiffs filed a demand for payment of attorney's fees, expenses, and costs upon counsel for the defendant. Defendants refuse to pay expenses plaintiffs incurred as a result of the

1

mediation process.

## DISCUSSION

### I. Motion for judgment standard

Judgment on the pleadings is granted when the nonmoving party cannot prove any facts to support its claims for relief. *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). In evaluating a motion for judgment, facts in the complaint must be read in the light most favorable to the nonmoving party. *Frey v. Bank One*, 91 F.3d 45, 46 (7th Cir. 1996).

### II. Attorney fees and costs

The IDEA provides, "The court, it its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is a prevailing party." 20 U.S.C. § 1415 (i)(3)(B). The parties dispute whether plaintiffs meet the definition of a prevailing party. The complaint alleges plaintiffs are prevailing parties because: (1) they were a catalyst for change in Joliet Township's school policies and (2) an enforceable settlement agreement was reached.

The Supreme Court recently rejected the catalyst theory as a way to acquire the status of a prevailing party. *Buckhannon Board and Care Home, Inc.*, 121 S.Ct. 1835, 1840 (2001). The Court found that acquiring prevailing party status is only possible upon "a corresponding alteration in the legal relationship of the parties." *Id.* Plaintiffs contend *Buckhannon* is not binding upon them because the case involved the Americans With Disabilities Act ("ADA") and the Fair Housing Amendments Act ("FHAA") rather than the IDEA. In addition, the *Buckhannon* plaintiffs prevailed as a result of legislative change. These distinctions are unpersuasive. There is no language in *Buckhannon* suggesting the opinion is limited to ADA and FHAA cases. The Court refers to fee-

shifting statutes in general throughout the opinion. *Id.* at 1843. Similarly, the Court does not give import to the fact that legislative action motivated the defendant's concessions.

Plaintiffs' contention that the mediation agreement qualifies them as a prevailing party is more persuasive. *Buckhannon* grants prevailing party status to parties who receive favorable judgments on the merits or enter into settlement agreements enforced through consent decrees. *Id.* at 1840. "Although a consent decree does not always include an admission of liability by the defendant, it nonetheless is a court-ordered "chang[e] [in] the legal relationship between [the plaintiff] and the defendant." *Id.* (internal citations omitted). Private settlement agreements do not confer prevailing party status. *Id.* at n. 7 ("Private settlements do not entail the judicial approval and oversight involved in consent decrees").

Joliet Township contends the mediation agreement was a private settlement because an administrative hearing was never held, evidence was not presented, and there was no finding or order by the hearing officer. These factors do not conclusively establish that the settlement was private. A consent decree is defined as a "contract of the parties entered upon the record with the approval and sanction of a court of competent jurisdiction, which cannot be set aside without the consent of the parties . . ." *Barron's Law Dictionary*, p. 97 (1996). It is undisputed the parties' agreement was read into the record before a hearing officer. Interpreting all facts in favor of the plaintiffs, the legal relationship between plaintiffs and Joliet Township changed when the agreement was read into the record. Accordingly, plaintiffs may be entitled to prevailing party status.

## CONCLUSION

The motion for judgment on the pleadings is denied.

August 27, 2001

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge