# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4798 | **DATE** | 1/14/2002 |
| **CASE TITLE** | JOSE LUIS R., et al. vs. JOLIET TOWNSHIP HIGH SCHOOL DISTRICT 204 | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiffs' motion for reconsideration and for leave to file an amended statement of material facts [25-1] is granted. Defendant's motion for summary judgment [17-1] is granted. Plaintiffs' motion for summary judgment [20-1] is denied. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 15 2002 | |
| | Notified counsel by telephone. | | date docketed | 30 |
| | Docketing to mail notices. | | CM | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 1/14/2002 | |
| | | | date mailed notice | |
| SB | courtroom deputy's initials | | CB | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED

JAN 1 5 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE LUIS R., et al. | ) | |
| | ) | |
| Plaintiffs, | ) | No. 01 C 4798 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| JOLIET TOWNSHIP HIGH SCHOOL | ) | |
| DISTRICT 204 | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Jose Luis R. ("Jose") and his mother Janette H. (collectively, "plaintiffs") sue Joliet Township H.S. District 204 ("Joliet Township") for attorneys' fees and costs pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*. Joliet Township moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiffs' motion for summary judgment was previously denied for failure to comply with Local Rule 56. Plaintiffs move for leave to file an amended statement of uncontested material facts and for reconsideration of the court's order denying plaintiffs' motion for summary judgment.

### BACKGROUND

The facts are undisputed. During the relevant time period, Jose was a special education student enrolled in Joliet Township. On or about November 1, 2000, plaintiffs requested a due process hearing. At mediation, the parties reached an agreement that contained the relief requested by plaintiffs. One week later, the agreement was read into the record before a hearing officer. At that time, plaintiffs withdrew their request for a due process hearing.

1

Plaintiffs then filed this action seeking recovery of attorneys' fees and costs under the IDEA.

Joliet Township responded by filing a motion for judgment on the pleadings, which the court denied.

Thereafter, both parties filed motions for summary judgment. The court denied plaintiffs' motion

for failure to cite record evidence in support of their statement of facts as required by Local Rule 56.

Plaintiffs move for reconsideration of the court's order pursuant to Federal Rule of Civil Procedure

60(b) and request leave to file an amended statement of facts.

## DISCUSSION

### I.    Motion for Reconsideration and for Leave to File Amended Statement of Facts

In addressing plaintiffs' motion for reconsideration of the court's order denying summary

judgment, both parties erroneously rely on Rule 60(b) of the Federal Rules of Civil Procedure. Joliet

Township also mistakenly relies on Rule 59(e). Rules 60(b) and Rule 59(e) apply only to motions

seeking relief from final judgments or orders. Fed.R.Civ.P. 60(b)("the court may relieve a party .

. . from a final judgment [or] order . . ."); Fed.R.Civ.P. 59(e)("Any motion to alter or amend a

judgment shall be filed no later than 10 days after entry of the judgment.")

In contrast, Rule 54(b) specifically provides:

> any order or other form of decision, however designated, which adjudicates fewer
> than all the claims. . . . shall not terminate the action as to any of the claims . . . and
> the order or other form of decision is subject to revision at any time before the entry
> of judgment adjudicating all the claims and the rights and liabilities of the parties.

Fed.R.Civ.P. 54(b). The court also has inherent authority to reconsider interlocutory orders before

entering final judgment. *Wimberly v. General Motors Corp.*, No. 95 C 1318, 1997 WL 30960, at

*1 (N.D. Ill. Jan. 17, 1997). The court may grant a motion to reconsider an interlocutory order "as

justice requires." *Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995).

The court does not condone plaintiffs' initial failure to comply with Local Rule 56. However, the substance of plaintiffs' motion for summary judgment, including plaintiffs' amended statement of undisputed material facts, is already before the court. Plaintiffs' motion for summary judgment is substantively indistinguishable from plaintiffs' response filed in opposition to Joliet Township's motion for summary judgment. Plaintiffs' amended statement of undisputed material facts also is identical in substance to plaintiffs' response to Joliet Township's statement of uncontested material facts. The court's consideration of these pleadings will not prejudice Joliet Township. Therefore, the court grants plaintiffs' motion for reconsideration and for leave to file their amended statement of undisputed material facts.

## II.    Cross-Motions for Summary Judgment

On cross-motions for summary judgment, each movant must individually satisfy the requirements of Rule 56. *Equal Employment Opportunity Commission v. Admiral Maintenance Service, L.P.*, No. 97 C 2034, 1998 WL 102748, at * 6 (N.D. Ill. Feb. 26, 1998). Summary judgment is appropriate when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *King v. National Human Resource Committee, Inc.*, 218 F.3d 719, 723 (7th Cir. 2000). Once a moving party has met its burden, the non-moving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56 (e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the

nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000).

The parties disagree whether plaintiffs are entitled to "prevailing party" status under the IDEA. The IDEA provides:

> [i]n any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a child or youth with a disability who is the prevailing party.

20 U.S.C. § 1415(i)(3)(B). In *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 121 S. Ct. 1835 (2001), the United States Supreme Court held that prevailing party status is achieved only through a favorable judgment on the merits or a settlement agreement enforced through a consent decree. Indeed, the *Buckhannon* court specifically found that "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change" to confer prevailing party status. *Id.* at 1840. Therefore, a "prevailing party" is one who has been awarded some relief by a judicial body. *Id.* at 1838.

Neither party claims the hearing officer entered judgment on the merits. Rather, plaintiffs contend the mediation agreement read into the record before the hearing officer should be construed as a consent decree for purposes of assessing prevailing party status. Joliet Township argues the mediation agreement was a private settlement, rather than a consent decree, because the hearing officer did not make any findings or deliver a ruling.

A consent decree is defined as a "contract of the parties entered upon the record with *the approval and sanction of a court of competent jurisdiction*, which cannot be set aside without the consent of the parties . . . " *Barron's Law Dictionary*, p. 97 (1996)(emphasis added). In approving

4

a consent decree, a court must determine whether a proposed decree is lawful, fair, reasonable and adequate. *See, e.g., Equal Employment Opportunity Commission v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 889 (7th Cir. 1985), *cert. denied, Agee v. Equal Employment Opportunity Commission*, 106 S. Ct. 3293 (1986). According to the Seventh Circuit, the court should consider the following factors in determining whether a proposed decree is lawful, fair, reasonable and adequate:

> a comparison of the strengths of plaintiffs' case versus the amount of the settlement offer; the likely complexity, length, and expense of the litigation, the amount of opposition to the settlement among affected parties, the opinion of competent counsel; and, the stage of the proceedings and the amount of discovery already undertaken at the time of the settlement.

*Id.*

Plaintiffs fail to offer any evidence that the hearing officer approved or sanctioned the parties' agreement. Plaintiffs' 56.1(a)(1) Facts ("Pl. Facts"), ¶ 10, Ex. 1 to amended complaint; Joliet Township's 56.1(a)(1) Facts ("Def. Facts"), ¶ 5, Ex. 1 to Ex. A. To the contrary, the hearing officer refused to make any comment on the agreement other than to state that the hearing was held solely because of plaintiffs' concern regarding the enforceability of the agreement. Pl. Facts, Ex. 1 to amended complaint at 11-12; Def. Facts, Ex. 1 to Ex. A at 11-12. Plaintiffs never asked the hearing officer to approve or sanction the agreement. Pl. Facts, Ex. 1 to amended complaint; Def. Facts, Ex. 1 to Ex. A at 11-12. Without court approval or sanction, the agreement between the parties is simply a private settlement agreement. Private settlement agreements do not confer prevailing party status. *Buckhannon*, 121 S.Ct. at 1840, fn. 7 ("Private settlements do not entail the judicial approval and oversight involved in consent decrees").

Contrary to plaintiffs' position, there is nothing in *Buckhannon* to suggest that the Supreme Court limited its decision to cases brought under the Americans with Disabilities Act and the Fair

Housing Amendments Act. Indeed, this court earlier rejected plaintiffs' argument in ruling on Joliet Township's motion for judgment on the pleadings. Moreover, the *Buckhannon* court refers to similar fee-shifting statutes, including 42 U.S.C. § 1988, throughout the opinion. *Id.* at 1839, fn. 4. The term "prevailing party" connotes the same general meaning under the IDEA as under 42 U.S.C. § 1988. *Board of Education of Downers Grove Grade School District No. 58 v. Steven L.*, 89 F.3d 464, 468 (7th Cir. 1996), *cert. denied*, 117 S. Ct. 1556 (1997). The rule regarding prevailing party status clarified in *Buckhannon* applies to all similar fee-shifting statutes, including the IDEA.

Finally, plaintiffs contend Joliet Township is barred from objecting to the claim for attorneys' fees pursuant to 34 C.F.R. 300.513(c)(3) for failing to observe IDEA procedural safeguards. Neither the IDEA nor the regulations support plaintiffs' position. Rather, the IDEA and the supporting regulations only require the court to reduce the amount of attorneys' fees to a prevailing party upon certain findings. 20 U.S.C. 1415(i)(F). As plaintiffs are not a prevailing party under IDEA, reduction in attorneys' fees is not an issue.

## CONCLUSION

Plaintiffs' motion for reconsideration and for leave to file an amended statement of material facts is granted. Joliet Township's motion for summary judgment is granted. Plaintiffs' motion for summary judgment is denied.

January 14, 2002

ENTER:

Suzanne B. Conlon
United States District Judge

6